**Fikru Shumeye YEMANE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72095.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jessica T. Fehr, Esq., Office of the U.S. Attorney, Billings, MT, Janice K. Redfern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Fikru Shumeye Yemane, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Tor-

ture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

The record does not compel the conclusion that changed circumstances excused the untimely filing of Yemane's asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Accordingly, Yemane's asylum claim fails.

Substantial evidence supports the agency's conclusion that Yemane failed to establish eligibility for withholding of removal, because the record does not compel the conclusion that Yemane would more likely than not face persecution on account of his Eritrean ethnicity or his political opinion. *See id.* at 658. Further, the record does not establish a pattern or practice of persecution of ethnic Eritreans in Ethiopia. *See Kotasz v. INS*, 31 F.3d 847, 852–53 (9th Cir.1994). Accordingly, Yemane's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Yemane failed to establish it is more likely than not that he will be tortured if he returns to Ethiopia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.